JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Plaintiff-appellant, Cheryl Boley ("Boley"), as the Executrix of the Estate of Mary and Clayton Adams, appeals the trial court's granting summary judgment in favor of defendant-appellee, Goodyear Tire Rubber Company ("Goodyear"). Finding no merit to the appeal, we affirm.
 {¶ 2} In June 2007, Mary and Clayton filed suit against Goodyear and numerous other defendants alleging causes of action for negligence, strict liability, breach of warranties, loss of consortium, statutory products liability, punitive damages, and fraudulent concealment that related to Mary's asbestos exposure.[1]
 {¶ 3} Clayton (Mary's husband) worked at Goodyear from 1973 to 1983. While at Goodyear, Clayton was exposed to asbestos-containing products and brought asbestos home on his clothing that Mary washed. Clayton's clothing was dusty so Mary would shake it out before washing. She would breathe in the dust while shaking out the clothing. She was diagnosed with mesothelioma in March 2007 and died in July 2007.[2] *Page 4 
 {¶ 4} In December 2007, Goodyear moved for summary judgment, arguing that the Adams' claims are barred by R.C. 2307.941(A)(1) and that their negligence claim fails because Goodyear did not owe Mary a duty of care. In February 2008, Clayton opposed Goodyear's motion, individually and as the Executor of Mary's Estate, arguing that their claim against Goodyear was for negligence and not premises liability. After a hearing, the trial court granted Goodyear's motion. The trial court also certified that there was no just reason for delay.
 {¶ 5} Boley now appeals, raising two assignments of error for our review. In the first assignment of error, Boley argues that the trial court erred in granting Goodyear's motion for summary judgment based on R.C. 2307.941(A)(1). In the second assignment of error, she argues that the trial court erred in granting summary judgment on Mary's negligence claim.
 Standard of Review {¶ 6} Appellate review of summary judgment is de novo. Grafton v. OhioEdison Co. (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241; Zemcik v.LaPine Truck Sales Equip. Co. (1998), 124 Ohio App.3d 581, 585,706 N.E.2d 860. The Ohio Supreme Court stated the appropriate test inZivich v. Mentor Soccer Club (1998), 82 Ohio St.3d 367, 369-370,696 N.E.2d 201, as follows: *Page 5 
 {¶ 7} "Pursuant to Civ. R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Horton v. Harwick Chem. Corp.
(1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Dresher v. Burt (1996),75 Ohio St.3d 280, 292-293, 662 N.E.2d 264, 273-274."
 {¶ 8} Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ. R. 56(E); Mootispaw v. Eckstein
(1996), 76 Ohio St.3d 383, 385, 667 N.E.2d 1197. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg,65 Ohio St.3d 356, 358-359, 1992-Ohio-95, 604 N.E.2d 138.
 R.C. 2307.941-Liability of Premises Owner {¶ 9} As the Ohio Supreme Court stated in In re Special DocketNo. 73958, 115 Ohio St.3d 425, 2007-Ohio-5268, 875 N.E.2d 596, the General Assembly *Page 6 
enacted Amended Substitute House Bill 292 ("H.B. 292") in response to the asbestos litigation crisis in Ohio.[3] The key provisions are codified in R.C. 2307.91 through 2307.98 and clarify when a plaintiff has an accrued cause of action for asbestos injury and specifies what medical evidence entitles a plaintiff to the trial court's immediate attention. See, also, In re Special Docket No. 73958, Cuyahoga App. Nos. 87777 and 87816, 2008-Ohio-4444.
 {¶ 10} With respect to premises defendants, R.C. 2307.941 was enacted to address claims against a premises owner for exposure to asbestos on the premises owner's property and states in pertinent part:
 "(A) The following apply to all tort actions for asbestos claims brought against a premises owner to recover damages or other relief for exposure to asbestos on the premises owner's property:
 "(1) A premises owner is not liable for any injury to any individual resulting from asbestos exposure unless that individual's alleged exposure occurred while the individual was at the premises owner's property."
 {¶ 11} In the first assignment of error, Boley does not challenge the constitutionality of R.C. 2307.941. Rather, she argues that R.C. 2307.941 does not apply to Mary's case. She contends that R.C. 2307.941(A) "makes it abundantly clear" that the statute only applies to damages resulting from asbestos exposure while the individual is on the premises owner's property. Because Mary was never exposed to asbestos on Goodyear's property, Boley *Page 7 
contends that R.C. 2307.941 cannot apply to Mary's case. We find this argument unpersuasive.
 {¶ 12} When interpreting a statute, "a court's paramount concern is the legislative intent in enacting the statute. In determining legislative intent, the court first looks to the language in the statute and the purpose to be accomplished. Words used in a statute must be taken in their usual, normal or customary meaning. It is the duty of the court to give effect to the words used and not to insert words not used. Where the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no need to apply rules of statutory interpretation." State ex rel. Richard v. Bd. of Trustees of the Police Firemens Disability Pension Fund, 69 Ohio St.3d 409, 411-412,1994-Ohio-126, 632 N.E.2d 1292. (Internal citations and quotations omitted.)
 {¶ 13} Furthermore, "[t]he presumption always is, that every word in a statute is designed to have some effect, and hence the rule that, `in putting a construction upon any statute, every part shall be regarded, and it shall be so expounded, if practicable, as to give some effect toevery part of it.'" Turley v. Turley (1860), 11 Ohio St. 173, 179, citing Commonwealth v. Alger (Mass. 1851), 7 Cush. 53, 89. (Emphasis in original.) See, also, R.C. 1.47(B), which provides that: "[i]n enacting a statute, it is presumed that *** [t]he entire statute is intended to be effective." *Page 8 
 {¶ 14} We find that Boley's interpretation of R.C. 2307.941 would render the statute meaningless. That is, R.C. 2307.941(A)(1) could never apply in any case because the very fact that would trigger the application of subdivision (A)(1), exposure somewhere other than the defendant's premises, would also render the statute inapplicable under Boley's interpretation of R.C. 2307.941(A).
 {¶ 15} When R.C. 2307.941(A) is read as a whole, it is clear that the focus is on the presence of asbestos on the premises, not the presence of the individual on the premises: "[t]he following apply to all tort actions for asbestos claims brought against a premises owner to recover damages or other relief for exposure to asbestos on the premises ownersproperty[.]" (Emphasis added.)
 {¶ 16} The individual's presence is not discussed until R.C. 2307.941(A)(1), where it states that: "[a] premises owner is not liable for any injury to any individual resulting from asbestos exposure unless that individuals alleged exposure occurred while the individual was atthe premises owners property." (Emphasis added.)
 {¶ 17} Thus, in order to read R.C. 2307.941(A)(1) in a manner that gives effect to the intent of the General Assembly and does not lead to an absurd result (such as only applying when the individual is exposed to asbestos on defendant's premises), we find that the phrase "on the premises owner's *Page 9 
property" in subsection (A) refers to the origin of the asbestos itself and, pursuant R.C. 2307.941(A)(1), unless the individual's exposure occurred on the premises, all tort claims against the premises owner are barred. See State ex rel. Asti v. Ohio Dept. of Youth Servs.,107 Ohio St.3d 262, 2005-Ohio-6432, 838 N.E.2d 658, ¶ 28, where the Ohio Supreme Court stated that: "[w]e must construe the applicable statute and rule to avoid such unreasonable or absurd results."
 {¶ 18} In the instant case, it is clear that Mary's asbestos exposure did not occur on Goodyear's premises. Rather, her exposure occurred at home when she shook out the dust from her husband's clothing before washing it. The dust came from her husband's workplace. Because R.C. 2307.941(A)(1) bars recovery for injury where the individual was not exposed to asbestos on the defendant's property, we find that Mary's claims fail as a matter of law.
 Negligence {¶ 19} In the second assignment of error, Boley argues that the trial court erred in granting summary judgment on Mary and Clayton's negligence claim.
 {¶ 20} In Ohio, to establish an actionable negligence claim, one must establish (1) the existence of a duty; (2) a breach of that duty; and (3) injury resulting proximately therefrom. Mussivand v. David (1989),45 Ohio St. 3d 314, 318-319, 544 N.E.2d 265, citing Di Gildo v.Caponi (1969), 18 Ohio St.2d 125, *Page 10 247 N.E. 2d 732. The existence of a duty of care is a question of law for the court to determine. Id.
 {¶ 21} "Duty, as used in Ohio tort law, refers to the relationship between the plaintiff and the defendant from which arises an obligation on the part of the defendant to exercise due care toward the plaintiff."Commerce Industry Ins. Co. v. Toledo (1989), 45 Ohio St.3d 96, 98,543 N.E.2d 1188.
 {¶ 22} Furthermore, the existence of a duty also depends on the foreseeability of injury. Menifee v. Ohio Welding Products, Inc. (1984),15 Ohio St.3d 75, 77, 472 N.E. 2d 707; Gedeon v. East Ohio Gas Co.
(1934), 128 Ohio St. 335, 190 N.E. 924. "The test for foreseeability is whether a reasonably prudent person, under the same or similar circumstances as the defendant, should have anticipated that injury to the plaintiff or to those in like situations is the probable result of the performance or nonperformance of an act." Commerce IndustryIns.
 {¶ 23} However, based on our analysis of R.C. 2307.941(A)(1), Goodyear does not owe Mary a duty of care since her exposure did not occur on Goodyear's premises. Thus, the negligence claim must also fail as a matter of law.
 {¶ 24} Because Mary's claims are barred by R.C. 2307.941(A)(1) and Goodyear does not owe Mary a duty of care, we find that the trial court did not err in granting Goodyear summary judgment. *Page 11 
 {¶ 25} Therefore, the first and second assignments of error are overruled.
 {¶ 26} Accordingly, judgment is affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, J., and MARY J. BOYLE, J., CONCUR
[1] Boley was substituted as the personal representative of Clayton and Mary's estate. In May 2008, Boley amended the complaint naming her as the Executrix of Clayton and Mary's estate and added wrongful death as the ninth claim for relief.
[2] These types of "secondhand" exposure or "take home" cases involve claims by members of a worker's household for mesothelioma or other asbestos-related diseases where the cause of the disease is alleged to have been exposure to asbestos dust that the worker brought home.
[3] H.B. 292 became effective on September 2, 2004. *Page 1