BOLEY, EXR., ET AL., APPELLANTS, *v.* GOODYEAR TIRE & RUBBER

COMPANY, APPELLEE, ET AL.

[Cite as *Boley v. Goodyear Tire & Rubber Co.,*

125 Ohio St.3d 510, 2010-Ohio-2550.]

*R.C. 2307.941 — Asbestos claims — A premises owner is not liable in tort for*

*claims arising from asbestos exposure originating from asbestos on the*

*owner's property, unless the exposure occurred at the owner's property.*

(No. 2009-0542 — Submitted December 15, 2009 — Decided June 10, 2010.)

APPEAL from the Court of Appeals for Cuyahoga County,

No. 91404, 2009-Ohio-491.

_____

SYLLABUS OF THE COURT

A premises owner is not liable in tort for claims arising from asbestos exposure

originating from asbestos on the owner's property unless the exposure

occurred at the owner's property.

_____

O'DONNELL, J.

{¶ 1} Cheryl Boley, executor of the estate of Mary Adams, and Mary's husband, Clayton Adams, appeal from a decision of the Eighth District Court of Appeals which affirmed summary judgment in favor of Clayton's former employer, Goodyear Tire & Rubber Company, in connection with their claims for negligence, strict liability, breach of express and implied warranties, loss of consortium, statutory products liability, fraudulent concealment and representation, wrongful death, and punitive damages allegedly arising from Mary's exposure to asbestos when she laundered Clayton's work clothes in their home. The issue presented for consideration in this appeal is whether R.C.

2307.941(A) bars all tort liability against a premises owner for asbestos exposure originating from asbestos on the owner's property if the exposure occurred away from the owner's property or whether R.C. 2307.941(A) is inapplicable in such instances, thus permitting recovery against a premises owner.

{¶ 2} Upon review, we conclude that pursuant to R.C. 2307.941(A), a premises owner is not liable in tort for claims arising from asbestos exposure originating from asbestos on the owner's property unless the exposure occurred at the owner's property. Accordingly, the decision of the appellate court is affirmed.

**Facts and Procedural History**

{¶ 3} Goodyear employed Clayton Adams as a pipefitter from 1973 to 1983 at its St. Marys, Ohio facility. His employment caused him to work with asbestos-containing materials, and he brought asbestos dust home on his clothing. Mary Adams allegedly breathed in the dust when she shook out his work clothes prior to laundering them.

{¶ 4} In March 2007, Andrea Arrossi, M.D., diagnosed Mary with malignant mesothelioma. Following this diagnosis, Clayton and Mary filed suit against more than 200 defendants, including Goodyear, alleging that asbestos exposure caused Mary's condition and resulted from Goodyear's negligence in allowing asbestos to be carried off its property. Mary died of mesothelioma in July 2007. Thereafter, the trial court substituted the executor of Mary's estate, Cheryl Boley, as a party to this case.

{¶ 5} Goodyear then moved for summary judgment in accordance with R.C. 2307.941(A)(1), which provides that premises owners are "not liable for any injury to any individual resulting from asbestos exposure unless that individual's alleged exposure occurred while the individual was at the premises owner's property." Appellants opposed the motion, arguing that R.C. 2307.941(A) applies only to premises-liability claims and therefore subdivision (A)(1) should not

prevent their negligence claim. After review, the trial court entered summary judgment in favor of Goodyear.

{¶ 6} The court of appeals affirmed, holding that R.C. 2307.941(A)(1) precluded liability with respect to the alleged claims because Mary's exposure to asbestos did not occur at Goodyear's property. See *Adams v. Goodyear Tire & Rubber Co.*, Cuyahoga App. No. 91404, 2009-Ohio-491, ¶ 18, 24.

{¶ 7} Clayton and Cheryl Boley appealed to this court, and we agreed to address the following proposition of law:

{¶ 8} "Revised Code Section 2307.941(A) does not apply to 'take home exposure' asbestos cases against a family member's employer who exposed the employee to asbestos and that family member brought asbestos home on their clothing causing other family members to become exposed to asbestos, and develop an asbestos related disease."

{¶ 9} On appeal, Clayton and Boley contend that R.C. 2307.941(A), which provides that subdivisions (A)(1), (2), and (3) are applicable only to tort actions for asbestos claims against a premises owner for "exposure to asbestos *on* the premises owner's property" (emphasis added), does not apply to their claims because Mary's "exposure to asbestos" occurred at her home rather than on Goodyear's property. Therefore, they assert that R.C. 2307.941(A)(1) does not bar Goodyear's liability, and they urge that a contrary interpretation would violate their rights to due process.

{¶ 10} In response, Goodyear maintains that the phrase "on the premises owner's property" in R.C. 2307.941(A) modifies "asbestos" rather than "exposure," and therefore, subdivision (A) applies to *all* claims for exposure to "asbestos on the premises owner's property" without regard to where the exposure occurred. Goodyear further argues that because the claim seeks liability for Mary's exposure to asbestos *originating from* its property, R.C. 2307.941(A)(1) expressly precludes liability. Moreover, Goodyear also contends

that the interpretation of R.C. 2307.941(A) offered by Boley and Clayton would render subdivision (A)(1) meaningless, because the event that would preclude liability pursuant to subdivision (A)(1) – exposure somewhere other than the premises owner's property – would also render division (A) inapplicable. Goodyear argues that pursuant to this interpretation, subdivision (A)(1) would never apply to bar claims when the exposure to asbestos occurred away from the premises owner's property. Consequently, Goodyear asks this court to hold that R.C. 2307.941(A) applies to all tort actions filed against it for asbestos exposure originating from asbestos on its property, without any limitation to where the exposure occurred, and as such, subdivision (A)(1) precludes all claims for asbestos exposure occurring away from its property as a matter of law.

{¶ 11} Accordingly, we are called upon to consider whether R.C. 2307.941(A) applies to all claims by individuals seeking to recover from premises owners for asbestos exposure originating from asbestos on the owner's property, thereby prohibiting liability for exposure that did not occur at the owner's property.

### R.C. 2307.941

{¶ 12} The General Assembly enacted R.C. 2307.941 as part of Am.Sub.H.B. No. 292, 150 Ohio Laws, Part III, 3970, which revised state law governing asbestos litigation in response to a legislative finding that "[t]he current asbestos personal injury litigation system is unfair and inefficient, imposing a severe burden on litigants and taxpayers alike." Section 3(A)(2) of Am.Sub.H.B. No. 292, id. at 3988.

{¶ 13} R.C. 2307.941 provides:

{¶ 14} "(A) The following apply to all tort actions for asbestos claims brought against a premises owner to recover damages or other relief for exposure to asbestos on the premises owner's property:

4

{¶ 15} "(1) A premises owner is not liable for any injury to any individual resulting from asbestos exposure unless that individual's alleged exposure occurred while the individual was at the premises owner's property.

{¶ 16} "(2) If exposure to asbestos is alleged to have occurred before January 1, 1972, it is presumed that a premises owner knew that this state had adopted safe levels of exposure for asbestos and that products containing asbestos were used on its property only at levels below those safe levels of exposure. * * *

{¶ 17} "(3)(a) A premises owner is presumed to be not liable for any injury to any invitee who was engaged to work with, install, or remove asbestos products on the premises owner's property if the invitee's employer held itself out as qualified to perform the work. * * *

{¶ 18} "(b) A premises owner that hired a contractor before January 1, 1972, to perform the type of work at the premises owner's property that the contractor was qualified to perform cannot be liable for any injury to any individual resulting from asbestos exposure caused by any of the contractor's employees or agents on the premises owner's property * * *.

{¶ 19} "(c) If exposure to asbestos is alleged to have occurred on or after January 1, 1972, a premises owner is not liable for any injury to any individual resulting from that exposure caused by a contractor's employee or agent on the premises owner's property * * *."

{¶ 20} As we explained in *State v. Buehler*, 113 Ohio St.3d 114, 2007-Ohio-1246, 863 N.E.2d 124, "[I]n cases of statutory construction, 'our paramount concern is the legislative intent in enacting the statute.' " Id. at ¶ 29, quoting *State ex rel. Steele v. Morrissey*, 103 Ohio St.3d 355, 2004-Ohio-4960, 815 N.E.2d 1107, ¶ 21. To determine intent, we look to the language of the statute and the purpose that is to be accomplished by the statute, see *Rice v. CertainTeed Corp.* (1999), 84 Ohio St.3d 417, 419, 704 N.E.2d 1217, and "when its meaning is clear and unambiguous," we apply the statute "as written." *Cheap Escape Co.,*

*Inc. v. Haddox, L.L.C.*, 120 Ohio St.3d 493, 2008-Ohio-6323, 900 N.E.2d 601, ¶ 9.

{¶ 21} Our role, as this court recognized in *State ex rel. Myers v. Spencer Twp. Rural School Dist. Bd. of Edn.* (1917), 95 Ohio St. 367, 373, 116 N.E. 516, is to evaluate a statute "as a whole and giv[e] such interpretation as will give effect to every word and clause in it. No part should be treated as superfluous unless that is manifestly required, and the court should avoid that construction which renders a provision meaningless or inoperative." Indeed, as we determined in *Weaver v. Edwin Shaw Hosp.*, 104 Ohio St.3d 390, 2004-Ohio-6549, 819 N.E.2d 1079, statutes " 'may not be restricted, constricted, qualified, narrowed, enlarged or abridged; significance and effect should, if possible, be accorded to every word, phrase, sentence and part of an act.' " Id. at ¶ 13, quoting *Wachendorf v. Shaver* (1948), 149 Ohio St. 231, 36 O.O. 554, 78 N.E.2d 370, paragraph five of the syllabus.

{¶ 22} When the statute is read in its entirety, the legislative intent behind R.C. 2307.941(A) is apparent – R.C. 2307.941(A)(1) bars tort liability for asbestos claims stemming from exposure that does not occur at the premises owner's property. We acknowledge the view in the dissenting opinion but hasten to point out that the term "asbestos claim" as used in R.C. 2307.941(A) is defined as "*any* claim for damages, losses, indemnification, contribution, or other relief arising out of, based on, or in any way related to asbestos," not just a premises-liability claim. (Emphasis added.) See R.C. 2307.91(C). Thus, it is not simply the location of the individual that determines whether R.C. 2307.941 applies. Rather, the broad definition promulgated by the General Assembly includes both negligence and premises-liability claims. Accordingly, the position of the dissent is not well taken.

{¶ 23} Were we to apply the interpretation offered by Clayton and Boley, which is to read the phrase "exposure to asbestos" in R.C. 2307.941(A) as

6

modifying "on the premises owner's property," we would be giving *no* meaning to subdivision (A)(1). Specifically, the event that would prohibit liability pursuant to subdivision (A)(1) – asbestos exposure away from the premises owner's property – would also preclude R.C. 2307.941(A)(1) from barring such claims. The better view is to read the statute to give effect to all of its parts. See *Estate of Stevic v. Bio-Med. Application of Ohio, Inc*., 121 Ohio St.3d 488, 2009-Ohio-1525, 905 N.E.2d 635, ¶ 18 (holding that the statute of limitations in a tort-liability statute could not be construed to bar a claim where only one of two qualifiers was met because such a construction would ignore an express provision in the statute). The only interpretation of R.C. 2307.941 that gives effect to the language employed by the General Assembly in subdivision (A)(1) is that which interprets the phrase "on the premises owner's property" to modify the word "asbestos."

{¶ 24} Moreover, when read together, R.C. 2307.941(A)(1), (2), and (3) further reveal the General Assembly's intent to limit the liability of a premises owner to instances in which the exposure occurred *at* its property. Specifically, subdivisions (A)(1), (2), and (3) each restrict the owner's liability to exposure that occurred at the premises owner's property. Subdivision (A)(1) provides a general exception from liability for a premises owner when the asbestos exposure does not occur at the owner's property; subdivisions (2) and (3) further limit that liability by precluding liability in certain circumstances when exposure occurred at the owner's property. Thus, the General Assembly has manifested its intent to preclude liability for premises owners from claims for asbestos exposure that occurs away from the owner's premises.

{¶ 25} When the provisions of R.C. 2307.941 are read in their entirety, it is evident that the General Assembly intended the phrase "exposure to asbestos on the premises owner's property," as used in R.C. 2307.941(A), to refer to the location of the asbestos to which an individual is exposed, not the location of the

exposure. Thus, R.C. 2307.941(A) applies to all tort actions for asbestos claims brought against premises owners relating to exposure originating from *asbestos on the premises owner's property*, and R.C. 2307.941(A)(1) applies to preclude a premises owner's liability for any asbestos exposure that does not occur at the owner's property. Because Mary's exposure did not occur at Goodyear's property, R.C. 2307.941(A)(1) precludes Goodyear's liability as to this claim.

### Conclusion

{¶ 26} Pursuant to R.C. 2307.941(A), a premises owner is not liable in tort for claims arising from asbestos exposure originating from asbestos on the owner's property, unless the exposure occurred at the owner's property. Accordingly, the judgment of the court of appeals is affirmed.

Judgment affirmed.

LUNDBERG STRATTON, O'CONNOR, LANZINGER, and CUPP, JJ., concur.

PFEIFER, J., dissents.

BROWN, C.J., not participating.

_____

**O'CONNOR, J., concurring.**

{¶ 27} Because the General Assembly, in R.C. 2307.941, plainly precluded recovery from Goodyear for Mary Adams's exposure to asbestos, I concur in the majority's decision to affirm the judgment of the appellate court. I write separately, however, to address appellants' argument that application of the statute leaves them without legal recourse against Goodyear.

{¶ 28} 2004 Am.Sub.H.B. No. 292 ("H.B. 292") "[e]xtensively revised state laws governing asbestos litigation and was in response to the legislative finding that '[t]he current asbestos personal injury litigation system is unfair and inefficient, imposing a severe burden on litigants and taxpayers alike.' " *Ackison v. Anchor Packing Co.*, 120 Ohio St.3d 228, 2008-Ohio-5243, 897 N.E.2d 1118, ¶ 3, quoting Section 3(A)(2), 150 Ohio Laws, Part III, 3970, 3988.

8

{¶ 29} H.B. 292 enacted R.C. 2307.91 though 2307.98. The General Assembly stated that its intent in enacting the legislation was to "(1) give priority to those asbestos claimants who can demonstrate actual physical harm or illness caused by exposure to asbestos; (2) fully preserve the rights of claimants who were exposed to asbestos to pursue compensation should those claimants become impaired in the future as a result of such exposure; (3) enhance the ability of the state's judicial systems and federal judicial systems to supervise and control litigation and asbestos-related bankruptcy proceedings; and (4) conserve the scarce resources of the defendants to allow compensation of cancer victims and others who are physically impaired by exposure to asbestos while securing the right to similar compensation for those who may suffer physical impairment in the future." Section 3(B), 150 Ohio Laws, Part III, at 3988.

{¶ 30} As the majority holds, R.C. 2307.941 unambiguously prohibits take-home asbestos claimants such as Mary Adams from recovering from the owner of premises where the asbestos dust originated. Appellants contend that this application of R.C. 2307.941 slams shut the courthouse door on take-home exposure cases against a family member's employer, thereby violating due process protections. It is more than understandable why appellants believe that the application of the statute leads to inequitable results, but the law compels us to reject their argument for two reasons.

{¶ 31} First, appellants were not left entirely without a remedy because of R.C. 2307.941. Although the legislature barred appellants from recovering from Goodyear, H.B. 292 does not prevent them from recovering from defendants other than premises owners, including the manufacturers or suppliers of the asbestos that caused Mary Adams's illness and death. In fact, R.C. 2307.92(D)(2) clearly contemplates take-home asbestos-exposure claims against defendants other than the premises owners:

{¶ 32} "If a person files a tort action that alleges an asbestos claim based on a wrongful death, as described in section 2125.01 of the Revised Code, of an exposed person, alleges that the death of the exposed person was the result of living with another person who, if the tort action had been filed by the other person, would have met the requirements specified in division (D)(1)(c) of this section, and alleges that the exposed person lived with the other person for the period of time specified in division (GG) of section 2307.91 of the Revised Code in order to qualify as a substantial occupational exposure to asbestos, the exposed person is considered as having satisfied the requirements specified in division (D)(1)(c) of this section."

{¶ 33} And Clayton and Boley took advantage of their rights to seek remedies against other defendants. Indeed, they pursued the remedies afforded them in H.B. 292 by filing a complaint that asserted multiple claims against more than 200 named defendants and 100 John Doe defendants. And according to counsel's representations during oral argument, appellants proceeded to trial against at least one defendant, Mahoning Valley Supply Company, ultimately settling with that defendant before the conclusion of trial. Counsel further indicated that appellants have resolved and/or settled their claims against the remaining parties.

{¶ 34} Second, the proposition of law asserted by appellants asks this court to determine only whether R.C. 2307.941 *applies* to their claims against Goodyear, not whether the statute is legally or constitutionally sound. Because appellants did not present a facial challenge to the statute in the lower courts, this court is constrained to the limited issue that is properly before us. *Niskanen v. Giant Eagle, Inc*., 122 Ohio St.3d 486, 2009-Ohio-3626, 912 N.E.2d 595, ¶ 34.

{¶ 35} I am not without compassion for appellants' position that R.C. 2307.941 serves as an outright bar to their recovery from Goodyear. But this court would invade the province of the legislature and violate the separation-of-

powers doctrine if we were to adopt their position. As judges, we are not to impose our views as to the best policies to address asbestos claims. Rather, we must leave it to the General Assembly to rewrite the statute if it deems it necessary. Just as appellants followed the dictates of R.C. 2307.91 through 2307.98 in pursuit of their claims against other defendants, this court must also follow the clear directive of the General Assembly with respect to the premises owner, Goodyear. Accordingly, I concur in the majority's judgment.

LANZINGER, J., concurs in the foregoing opinion.

_____

**PFEIFER, J., dissenting.**

{¶ 36} R.C. 2307.941 states, "The following apply to all tort actions for asbestos claims brought against a premises owner to recover damages or other relief for exposure to asbestos on the premises owner's property * * *." Boley does not claim that Mary Adams was exposed to asbestos on Goodyear's property. To the contrary, in her brief, Boley states that Adams was never on Goodyear's property. It is abundantly clear that R.C. 2307.941 is inapplicable to the claim.

{¶ 37} Boley does not claim that Adams was exposed to asbestos on Goodyear's property, and yet she is being told by this court that she can't bring a claim for "exposure to asbestos on [Goodyear's] property." The majority opinion waxes poetic about its duty to read the statute and nothing but the statute, neither adding words to, nor subtracting words from, the statute, but then adds words to the statute. In syllabus law, the majority opinion states that "[a] premises owner is not liable in tort for claims arising from asbestos exposure originating from asbestos on the owner's property, unless the exposure occurred at the owner's property." But the statute doesn't refer to where the asbestos "originates." The statute states merely that a claim for "exposure to asbestos on the premises owner's property" must comply with certain requirements. By its plain words, the

statute applies only to plaintiffs who claim they were exposed to asbestos on a premises owner's property.

**{¶ 38}** Boley has a completely different claim. She claims that Adams was exposed to asbestos in Adams's own home, not on Goodyear's property. She claims that the asbestos Adams was exposed to was brought to the home by Adams's husband, who worked at Goodyear. Boley is not seeking relief pursuant to R.C 2307.941. She cannot because she never entered upon Goodyear's property. It seems mean-spirited to deny her claim while so obviously misconstruing it.

**{¶ 39}** Whether the claim has merit is not for me to decide. Boley may have a claim based on R.C. 2307.92, which, in certain circumstances, allows a person exposed to asbestos through living with a person who worked with asbestos to file an asbestos claim. At the very least, Boley should have a chance to establish the claim she is making instead of the unprovable claim that the majority insists, or pretends, she is making. The majority opinion misses the forest because it cannot see around one really big tree. R.C. 2307.941 does not subsume the entire body of negligence law. I dissent.

––––––––––––––––––

Bevan & Associates, L.P.A., Inc., Thomas W. Bevan, Patrick M. Walsh, and John D. Mismas, for appellants.

Vorys, Sater, Seymour & Pease, L.L.P., Richard D. Schuster, Nina I. Webb-Lawton, Matthew M. Daiker, and Michael J. Hendershot, for appellee.

Brzytwa, Quick & McCrystal, L.L.C., James L. McCrystal Jr., and Matthew L. Snyder, urging affirmance for amicus curiae Ohio Association of Civil Trial Attorneys.

Calfee, Halter & Griswold, L.L.P., Thomas I. Michals, Matthew M. Mendoza, and Laura C. McBride, urging affirmance for amici curiae Cleveland

Electric Illuminating Company, Ohio Edison Company, and Toledo Edison Company.

Shook, Hardy & Bacon, L.L.P., Victor E. Schwartz, and Mark A. Behrens, urging affirmance for amici curiae Ohio Chamber of Commerce, American Insurance Association, Coalition for Litigation Justice, Inc., NFIB Small Business Legal Center, Chamber of Commerce of the United States of America, American Tort Reform Association, National Association of Mutual Insurance Companies, American Petroleum Institute, and American Chemistry Council.

———————————