[Cite as *Lachowski v. Petit*, 2019-Ohio-3328.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STEPHEN M. LACHOWSKI, | : | **O P I N I O N** |
| Appellee, | : | |
| - vs - | : | **CASE NO. 2018-P-0070** |
| DONALD J. PETIT, REGISTRAR, DEPARTMENT OF PUBLIC SAFETY, BUREAU OF MOTOR VEHICLES, | : | |
| Appellant. | : | |

Appeal from the Portage County Court of Common Pleas, Case No. 2018 CV 00430.

Judgment: Affirmed.

*Robert G. Walton*, and *Gretchen A. Ebner,* The Law Office of Robert G. Walton, 1496 South Green Road, South Euclid, OH 44121 (For Appellee).

*David Yost*, Ohio Attorney General, 30 East Broad Street, 16th Floor, Columbus, OH 43215, *Dale Thomas Vitale*, Assistant Attorney General, and *Brian R. Honen*, Assistant Attorney General, 30 East Broad Street, 26th Floor, Columbus, OH 43215 (For Appellant).

THOMAS R. WRIGHT, P.J.

{¶1} Appellant, Donald J. Petit, Registrar of the Ohio Bureau of Motor Vehicles, appeals the trial court's decision reversing disqualification of Stephen M. Lachowski's commercial driver's license because disqualification is not authorized. We affirm.

{¶2} The facts are undisputed.

{¶3} On January 6, 2018, Lachowski was arrested in Portage County, Ohio for operating his *personal* vehicle, a 2005 Saturn, under the influence in a private parking lot. The administrative license suspension/CDL disqualification form, completed by the officer and admitted at the hearing, states that Lachowski failed the field sobriety tests and refused to submit to a chemical test for alcohol and/or controlled substances. The form also indicates that Lachowski's driver's license and commercial driver's license were seized. Lachowski signed the document agreeing that the advice on the back of the form was read to him.

{¶4} The investigative report supplement, completed by the arresting officer and admitted at the hearing, provides that upon the officer's arrival at the VFW parking lot, Lachowski was "sitting in the driver seat with the vehicle's engine still running. * * * Stephen admitted he was driving the vehicle, and as a result of his reckless driving, [his car] got stuck in a snow bank." He was arrested and charged with OVI, refusal, and failure to maintain reasonable control.

{¶5} Following receipt of the disqualification form, the Ohio BMV recorded Lachowski's administrative license suspension under R.C. 4511.191, and it separately began the disqualification process regarding his CDL via R.C. 4506.17.

{¶6} The administrative license suspension (ALS) of Lachowski's regular driver's license, under R.C. 4511.191, was subsequently "terminated" in his related Portage County Municipal Court criminal case. The ALS appeal hearing transcript confirms that the prosecuting attorney agreed with Lachowski's argument that R.C. 4511.191 did not apply because Lachowski was on private property at the time of his OVI arrest. The trial

2

court acknowledged the parties' agreement and held that Lachowski's "Administrative License Appeal is granted."

{¶7} The corresponding Ohio Bureau of Motor Vehicles ALS Court Disposition Notification form, signed by the municipal court judge and dated February 18, 2018, states that "the appeal was granted," and the box is checked next to the preprinted text stating: "ALS terminated per plea agreement, ALS reinstatement fee not to be collected."

{¶8} The Ohio BMV notice sent to Lachowski regarding his pending CDL disqualification states that his CDL is being disqualified for one year based on a "conviction" for ALS/refusal based on R.C. 4506.17. Lachowski appealed the disqualification to the Bureau arguing that neither R.C. 4511.191 nor R.C. 4506.17 applied, and as such, the disqualification of his CDL was contrary to law. He argued that R.C. 4511.191 did not apply because he was operating his personal vehicle on private property at the time of his OVI arrest. Lachowski also argued that R.C. 4506.17 did not apply because a plain reading of R.C. 4506.17(B) establishes that this statute only applies when an individual is operating or driving a commercial motor vehicle.

{¶9} Following an administrative hearing, the hearing examiner disagreed with Lachowski's arguments and found that because Lachowski was the "holder" of a commercial driver's license, R.C. 4506.17(A) applied and was the applicable implied consent statute. She recommended a one-year disqualification of his CDL. Lachowski objected, but Petit nevertheless adopted the hearing officer's recommendation and disqualified Lachowski's CDL for one year based solely on R.C. 4506.17.

{¶10} Lachowski appealed to the court of common pleas and secured a stay of his CDL disqualification pending appeal. Following briefing, the trial court agreed with

3

Lachowski and held that the plain language of R.C. 4506.17(B) confirms that this provision is inapplicable because he was operating his personal vehicle at the time of his OVI arrest. Consequently, the trial court found that Petit's order disqualifying Lachowski's CDL via R.C. 4506.17 was contrary to law.

**{¶11}** Petit appeals and raises two assigned errors, which we address collectively:

**{¶12}** "[1.] The trial court committed prejudicial error by holding that the plain language in Revised Code 4506.17(B) limits the application of the Revised Code 4506.17 only to persons operating commercial vehicles. T.d. 11.

**{¶13}** "[2.] The trial court erred by not affirming the lawful and reasonable application of the statute by the Registrar. T.d. 11."

**{¶14}** In administrative appeals, the common pleas court reviews an agency's decision and assesses whether it is supported by reliable, probative, and substantial evidence and whether it is in accordance with law. *MacKnight v. Lake Cty. Dept. of Human Serv.,* 107 Ohio App.3d 181, 184, 667 N.E.2d 1287 (10th Dist.1995), citing *Univ. Hosp., Univ. of Cincinnati College of Medicine v. State Emp. Relations Bd.,* 63 Ohio St.3d 339, 587 N.E.2d 835, paragraph one of the syllabus (1992). Upon reviewing questions of law, however, our review and the court of common pleas' review is plenary. *Id;* R.C. 2506.04; *Henley v. Youngstown Bd. of Zoning Appeals*, 90 Ohio St.3d 142, 2000-Ohio-493, 735 N.E.2d 433. Thus, we exercise our independent judgment and determine whether the administrative order is in accordance with law. *Akron v. Ohio Dept. of Ins.,* 10th Dist. Franklin No. 13AP-473, 2014-Ohio-96, 9 N.E.3d 371, ¶19.

**{¶15}** Upon applying a statute, a court must determine and give effect to the legislative intent of a statute, and the intent should be determined from the plain

4

language of the statute. *State ex rel. Solomon v. Police & Firemen's Disability & Pension Fund Bd. of Trustees,* 72 Ohio St.3d 62, 65, 647 N.E.2d 486 (1995); *Stewart v. Trumbull Cty. Bd. of Elections,* 34 Ohio St.2d 129, 130, 296 N.E.2d 676 (1973).

{¶16} "When the statutory language is plain and unambiguous, and conveys a clear and definite meaning, we must rely on what the General Assembly has said." *Jones v. Action Coupling & Equip., Inc.,* 98 Ohio St.3d 330, 2003-Ohio-1099, 784 N.E.2d 1172, ¶12, citing *Symmes Twp. Bd. of Trustees v. Smyth,* 87 Ohio St.3d 549, 553, 721 N.E.2d 1057 (2000). When a statute is ambiguous, however, courts must employ the rules of statutory interpretation and determine the legislative intent. *Wingate v. Hordge,* 60 Ohio St.2d 55, 58, 396 N.E.2d 770 (1979).

{¶17} The at-issue statute here is R.C. 4506.17, "*Alcohol and controlled substance testing; disqualification of drivers,*" which states in part:

{¶18} "(A) Any person who holds a commercial driver's license or commercial driver's license temporary instruction permit, or who operates a commercial motor vehicle requiring a commercial driver's license or permit within this state, shall be deemed to have given consent to a test * * * for the purpose of determining the person's alcohol concentration or the presence of any controlled substance or a metabolite of a controlled substance.

{¶19} "(B) A test or tests as provided in division (A) of this section may be administered at the direction of a peace officer having reasonable ground to stop or detain the person and, *after investigating the circumstances surrounding the operation of the commercial motor vehicle, also having reasonable ground to believe the person was driving the commercial vehicle* while having a measurable or detectable amount of alcohol

5

or of a controlled substance or a metabolite of a controlled substance in the person's whole blood, blood serum or plasma, breath, or urine. Any such test shall be given within two hours of the time of the alleged violation.

{¶20} "(C) A person requested by a peace officer to submit to a test under division (A) of this section shall be advised by the peace officer that a refusal to submit to the test will result in the person immediately being placed out-of-service for a period of twenty-four hours and being disqualified from operating a commercial motor vehicle for a period of not less than one year, and that the person is required to surrender the person's commercial driver's license or permit to the peace officer.

{¶21} "(D) If a person refuses to submit to a test after being warned as provided in division (C) of this section or submits to a test that discloses the presence of an amount of alcohol or a controlled substance * * * the person immediately shall surrender the person's commercial driver's license or permit to the peace officer. The peace officer shall forward the license or permit, together with a sworn report, to the registrar of motor vehicles certifying that the test was requested pursuant to division (A) of this section and that the person * * * refused to submit to testing * * *. The form and contents of the report required by this section shall be established by the registrar, by rule but shall contain the advice to be read to the driver and a statement to be signed by the driver acknowledging that the driver has been read the advice and that the form was shown to the driver.

{¶22} "(E) Upon receipt of a sworn report from a peace officer as provided in division (D) of this section, or upon receipt of notification that a person has been disqualified under a similar law of another state or foreign jurisdiction, *the registrar shall*

*disqualify the person named in the report from driving a commercial motor vehicle* for the period described below:

**{¶23}** "(1) Upon a first incident, one year[.]" (Emphasis added.)

**{¶24}** An administrative license suspension (ALS) under R.C. 4511.191 is distinct from a license disqualification under R.C. 4506.17. R.C. 4511.191(G) makes it clear that a driver may be subject to both an ALS and a disqualification for the same offense or incident and that a disqualification runs concurrent with a license suspension when both provisions apply. And while an ALS under R.C. 4511.191 terminates upon the individual's guilty plea or conviction for operating a vehicle in violation of R.C. 4511.19, a first refusal or failed test under R.C. 4506.17 requires a one-year disqualification of the person's CDL regardless of the outcome of the criminal proceedings. A disqualification under R.C. 4506.17 does not hinge on or arise from a conviction. R.C. 4506.17(D).

**{¶25}** Because the statutory provisions here are clear, we apply them as written. *Boley v. Goodyear Tire & Rubber Co.,* 125 Ohio St.3d 510, 2010-Ohio-2550, 929 N.E.2d 448, ¶ 20. A plain reading of R.C. 4506.17, the only authority relied on by Petit for disqualifying Lachowski's CDL, compels affirmance of the trial court's decision.

**{¶26}** Petit urges that because subsection (A) provides that it applies to "[a]ny person who holds a commercial driver's license[,]" and states that any CDL holder is deemed to have given consent, our analysis should stop there. And because Lachowski was a CDL holder, he impliedly consented. However, subsection (A) provides no guidance on when the statute applies. Further, we must read the statute as a whole, not piecemeal, to ascertain its plain meaning.

7

{¶27} The next subsection, subsection (B), provides that CDL holders and persons operating a commercial vehicle are deemed to have impliedly consented to a test when an officer has "reasonable ground[s] to stop or detain the person and, after investigating the circumstances surrounding *the operation of the commercial motor vehicle, also having reasonable ground[s] to believe the person was driving the commercial vehicle while* having * * * alcohol or * * * a controlled substance or a metabolite of a controlled substance in the person's" system. (Emphasis added.) Then, subsection (C) provides that when a person, as defined in subsection (A), is "requested by a peace officer to submit to a test" and the driver refuses, then the driver will be "disqualified from operating a commercial motor vehicle for a period of not less than one year[.]" R.C. 4506.17(C). One cannot reach the meaning of the refusal subsection until ascertaining who the provision applies to, as outlined in subsection (A), and when an officer can request a driver or operator to submit to a test, as spelled out in subsection (B).

{¶28} As found by the trial court, the plain language of R.C. 4506.17(B) confirms that a disqualification thereunder arises only when the incident involves a commercial vehicle. The legislature's intent that this provision only applies when a person is driving a commercial vehicle is evident based on its decision to use words stating that the officer's investigation must show that incident involved a commercial motor vehicle.

{¶29} Petit's argument that the language in R.C. 4506.17(A) evinces the proposition that this statute applies to holders of CDLs regardless of the vehicle he or she is operating is not supported by the statutory language. Petit's desired, expanded application of R.C. 4506.17 renders meaningless the language in subsection (B).

**{¶30}** Thus, because Petit disqualified Lachowski's CDL via R.C. 4506.17, and this provision is clear, it is inappropriate to delve into the drafters' legislative intent and the federal regulations relied on by Petit. "[A]bsent ambiguity, a court will not delve into legislative intent but will give effect to the plain meaning of the statute, R.C. 1.49, even when a court believes that a statute results in an unfavorable outcome. It is the province of the legislature to gauge public sentiment and to determine what is just." *Wright v. State*, 69 Ohio App.3d 775, 781, 591 N.E.2d 1279 (10th Dist.1990).

**{¶31}** Accordingly, we do not consider the legislative intent and the FAA regulations, as relied on by Petit. And to the extent that the statutory language is inconsistent with the stated intent and any applicable federal regulations, achieving that goal is not the function of the courts, but the legislature. *Id.*

**{¶32}** Because the undisputed facts confirm that Lachowski was driving his personal vehicle at the time of his OVI arrest, and not a commercial vehicle, R.C. 4506.17 does not apply. And because R.C. 4506.17 was the sole authority for Petit's disqualification of Lachowski's CDL for the duration of the proceedings, the disqualification via R.C. 4506.17 is contrary to law.

**{¶33}** Based on the foregoing, Petit's assigned errors lack merit, and the trial court's decision is affirmed.

CYNTHIA WESTCOTT RICE, J.,

MATT LYNCH, J.,

concur.

9