[Cite as *In re R.K.*, 2012-Ohio-2739.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| IN RE:   R.K.  and     M.N. | : | JUDGES: |
|  | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
|  | : | Hon. John W. Wise, J. |
|  | : |  |
|  | : |  |
|  | : | Case No. CT2012-0006 |
|  | : |  |
|  | : |  |
|  | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Civil appeal from the Muskingum County
                            Court of Common Pleas, Juvenile Division,
                            Case No. 21130123 & 21130124

JUDGMENT:                   Affirmed

DATE OF JUDGMENT ENTRY:     June 14, 2012

APPEARANCES:

For Appellee                          For Appellant

MOLLY MARTIN                          JEANETTE M. MOLL
Assistant Prosecuting Attorney        P.O. Box 461
Muskingum County Children Services    803B Market Street
22 North Fifth Street                 Zanesville, OH  43701
Zanesville, OH 43701


BARBARA CAFFARATTI                    For Father
Guardian Ad Litem                     Kevin Van Horn
45 North Fourth Street                715 Adair Ave.
Zanesville, OH 43701                  Zanesville, OH  43702

*Gwin, P.J.*

{¶1} Appellant Stephanie H. appeals a judgment of the Court of Common Pleas, Juvenile Division, of Muskingum County, Ohio, which granted legal custody of her minor child, R.K. to his biological father appellee Shawn K. and legal custody of her minor child M.N. to Cheryl N., the child's paternal grandmother. Appellant assigns four errors to the trial court:

{¶2} "I. THE MUSKINGUM COUNTY JUVENILE COURT COMMITTED REVERSIBLE ERROR IN CONDUCTING A DISPOSITIONAL HEARING PRIOR TO THE CONCLUSION OF THE ADJUDICATORY HEARING SUCH THAT IT FAILED TO BIFURCATE AS REQUIRED BY LAW.

{¶3} "II. THE MUSKINGUM COUNTY JUVENILE COURT COMMITTED REVERSIBLE ERROR IN GRANTING THE DISPOSITION OF LEGAL CUSTODY AS THE COURT LACKED JURISDICTION.

{¶4} "III. THE MUSKINGUM COUNTY JUVENILE COURT COMMITTED REVERSIBLE ERROR DUE TO THE FAILURE OF THE GUARDIAN AD LITEM.

{¶5} "IV. THE MUSKINGUM COUNTY JUVENILE COURT COMMITTED REVERSIBLE ERROR DUE TO THE INEFFECTIVE ASSISTANCE OF MOTHER'S TRIAL COUNSEL."

{¶6} The record indicates appellee Muskingum County Children's Services filed complaints on August 1, 2011, alleging both children were dependent, neglected, and/or abused children. The court placed M.N., then approximately 20 months old, in the temporary custody of Cheryl N., her paternal grandmother. The court placed R.K., then aged six, with Shirley K., his paternal grandmother.

{¶7} The trial court conducted a hearing for adjudication and disposition commencing on September 27, 2011. The hearing was completed on January 10, 2012. In the interim, on October 5, 2011, Cheryl N. filed a motion for legal custody of M.N. On January 10, 2012, the court adjudicated the children neglected and dependent, and awarded legal custody of R.K. to his father and legal custody of M.N. to the grandmother.

I.

{¶8} In her first assignment of error, appellant argues the trial court erred in not bifurcating the adjudicatory hearing and the dispositional hearing.

{¶9} R.C. 2151.35 (B)(1) provides that if the court in a adjudicatory hearing determines that a child is abused, neglected or dependent, the court shall not issue a dispositional order until after the court holds a separate dispositional hearing. The court may hold the dispositional hearing for an adjudicated, abused or dependent child immediately after the adjudicatory hearing. Juv. R. 34 substantially mirrors the statutory requirement.

{¶10} The Supreme Court has held it is reversible error to fail to bifurcate the adjudicatory and dispositional hearings. *In Re: Baby Girl Baxter,* 17 Ohio St. 3d 229, 479 N.E. 2d 257 (1985). The court explained the proceedings must be bifurcated because the issues raised and the procedures used at each hearing differ. The issue in the adjudicatory stage is whether the petitioner has proven by clear and convincing evidence that the child is dependent, neglected, or abused, while the issue at the dispositional stage involves a determination of the child's best interest. There must be strict adherence to the Rules of Evidence at the adjudicatory stage, but any material

and relevant evidence, including hearsay, opinion, and documentary evidence, is admissible at the dispositional stage pursuant to Juv. R. 34. *Baxter* at 260-261. The Court of Appeals for Marion County subsequently found that another rationale for bifurcating the hearing is to accord all persons the opportunity to present evidence on each issue. *In Re: Malone,* 178 Ohio App. 3d 219, 2008-Ohio-4412, 897 N.E. 2d 672 ¶ 20, citations deleted.

**{¶11}** At the hearing the trial court properly began by hearing appellee Children's Services' evidence and testimony as to adjudication. After Children's Services stated it had completed its evidence for the adjudication stage, the court called a short recess. When the court resumed, counsel for appellant asked the court to wait because one of appellant's witnesses had not yet returned to the courtroom. In addition, appellee's counsel indicated appellee had subpoenaed Dr. Howard Beazel, a psychologist who had examined appellant. Appellee intended to present Dr. Beazel's testimony in the dispositional stage of the case, but during the recess the doctor had informed counsel that he needed to conclude his testimony before noon because he had a plane to catch.

**{¶12}** The court inquired whether anyone had an objection to the doctor testifying out of order and appellant's counsel indicated appellant did object because any testimony on the issue of disposition might taint the adjudicatory portion of the hearing. Counsel noted the court could not include or weigh the doctor's testimony in the adjudicatory hearing. The court discussed with all parties the timing of the upcoming lunch break and how the afternoon time would be spent, and eventually appellant's counsel withdrew his objection to the court receiving Dr. Beazel's testimony out of order. The doctor then testified and was cross-examined by appellant's counsel

as well as counsel for each child's father and by the guardian ad litem. Then the court excused Dr. Beazel and recessed for lunch.

{¶13} When the court returned from the lunch recess, the appellant was not present in the courtroom. The court noted for the record appellant's attorney had attempted to call her on her cell phone, but it was turned off. Appellant's attorney had no explanation for appellant's absence. Because appellant was the only party remaining who had any evidence to present with regard to adjudication, the court announced it would move to disposition with the understanding that if appellant returned she could present any evidence as to adjudication. The court then accepted testimony from appellee Children's Services regarding disposition.

{¶14} After the State's third disposition witness, counsel for appellant called appellant's friend to testify regarding the issue of adjudication. At some point appellant returned to the court and also testified as to adjudication. Subsequently, appellant's attorney called her to testify on disposition and appellee Shawn K. called two witnesses on behalf of his request for legal custody of his son.

{¶15} Certainly the progress of the two hearings was atypical. However, some of the disruption was obviously caused by appellant's failure to return promptly to the courtroom after the lunch recess. The trial court chose to accommodate the various witnesses and not to delay the hearings unnecessarily. After appellant's counsel withdrew his objection to Dr. Beazel's testifying out of order, counsel did not object further to the proceedings.

{¶16} In a dependency neglect or abuse case, the matter is tried to the bench rather than to a jury. In the case of *State v. Fautenberry,* 72 Ohio St. 3d 435, 1995-

Ohio-209, 650 N.E. 2d 878, the Ohio Supreme Court reviewed a capital murder case wherein it found the admission of improper evidence was not reversible error absent an indication that the three-judge panel was influenced by or considered inappropriate evidence in arriving at its sentencing decision. The court reminded us that in a bench trial in a criminal case the court is presumed to consider only relevant, material, and competent evidence in arriving at its judgment unless it affirmatively appears on the record to the contrary. *Id.,* at 439, citations deleted.

**{¶17}** Here we find the record demonstrates the court clearly understood which evidence was offered on the issue of adjudication and which on the issue of disposition. There is no indication in the record the court, or any party, counsel, or witness, became confused as to the purpose for which evidence was being offered. Each time the focus changed between adjudication and disposition, the court announced the change in focus before receiving the evidence. None of the parties requested findings of fact and conclusions of law, and the court made none, and there is no indication the court considered any of the disposition evidence in adjudicating the children neglected and dependent, and lacking adequate parental care.

**{¶18}** On the particular facts and circumstances of this case, we find the court did in fact bifurcate the two hearings.

**{¶19}** The first assignment of error is overruled.

II.

**{¶20}** In her second assignment of error, appellant argues the court lacked jurisdiction to grant legal custody to R.K.'s father and M.N.'s grandmother.

**{¶21}** R.C. 2151.353 provides:

(A) If a child is adjudicated an abused, neglected, or dependent child, the court may make any of the following orders of disposition:* * *

(3) Award legal custody of the child to either parent or to any other person who, prior to the dispositional hearing, files a motion requesting legal custody of the child or is identified as a proposed legal custodian in a complaint or motion filed prior to the dispositional hearing by any party to the proceedings. A person identified in a complaint or motion filed by a party to the proceedings as a proposed legal custodian shall be awarded legal custody of the child only if the person identified signs a statement of understanding for legal custody that contains at least the following provisions:

(a) That it is the intent of the person to become the legal custodian of the child and the person is able to assume legal responsibility for the care and supervision of the child;

(b) That the person understands that legal custody of the child in question is intended to be permanent in nature and that the person will be responsible as the custodian for the child until the child reaches the age of majority. Responsibility as custodian for the child shall continue beyond the age of majority if, at the time the child reaches the age of majority, the child is pursuing a diploma granted by the board of education or other governing

authority, successful completion of the curriculum of any high school, successful completion of an individualized education program developed for the student by any high school, or an age and schooling certificate. Responsibility beyond the age of majority shall terminate when the child ceases to continuously pursue such an education, completes such an education, or is excused from such an education under standards adopted by the state board of education, whichever occurs first.

(c) That the parents of the child have residual parental rights, privileges, and responsibilities, including, but not limited to, the privilege of reasonable visitation, consent to adoption, the privilege to determine the child's religious affiliation, and the responsibility for support;

(d) That the person understands that the person must be present in court for the dispositional hearing in order to affirm the person's intention to become legal custodian, to affirm that the person understands the effect of the custodianship before the court, and to answer any questions that the court or any parties to the case may have.

{¶22} Addressing first R.K. and his father, appellee father Shawn K. did not file a motion for legal custody and did not complete a statement of understanding. We find appellee Shawn K. was not required to do so.

**{¶23}** We read the statute as providing for a grant of legal custody to either parent, or, in the alternative, to any other person who files a motion for legal custody and a statement of understanding.

**{¶24}** Furthermore, the right of a parent to the custody of his or her child is one of the oldest fundamental liberty interests recognized by the American courts. *In Re: Thompkins,* 115 Ohio St. 3d 409, 2007-Ohio- 5238, 875 N.E.2d 582, ¶10, citing *Troxel v. Grandville* 530 U.S. 57, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000). Particularly in light of this fundamental interest, we find appellee Shawn K. was not required to file a motion in order for the court to consider him as a potential legal custodian for his own biological child.

**{¶25}** We also find appellee Shawn K. was not required to complete a statement of understanding. The statement is intended to acknowledge and distinguish between the rights and obligations of the legal custodian and the residual rights retained by the parent. Further, all parties were on notice that Shawn K. was requesting custody of his son because he and his wife participated in a home study, the results of which were made a part of the record.

**{¶26}** Regarding M.N. and her grandmother, the record shows the grandmother filed a motion for legal custody, and completed the required statement of understanding. She was present at the dispositional hearing and testified on January 10, 2011. She was cross examined by the guardian ad litem and by appellant's attorney.

**{¶27}** The second assignment of error is overruled.

III.

**{¶28}** In her third assignment of error, appellant argues the court should not have proceeded with the hearing because the guardian ad litem failed to comply with Sup. R. 48 requiring her to prepare a final written report to be filed with the court and made available to the parties for inspection no less than seven days before the dispositional hearing.

**{¶29}** The record indicates the guardian ad litem filed a report on September 21, 2011, six days before the hearing on the matter. No party objected to the report being one day late. The guardian ad litem report is captioned "Initial Report", but it is in fact the only report filed under these case numbers by the guardian ad litem. We find the fact it was captioned "initial" does not affect the content of the report.

**{¶30}** The third assignment of error is overruled.

IV.

**{¶31}** In her fourth assignment of error, appellant argues she did not receive the effective assistance of trial counsel because her counsel failed to object to the presentation of evidence regarding a civil protection order which protected appellant from M.N's biological father, failed to subpoena records, failed to object to legal conclusions offered by various witnesses as to the best interest of the children, and failed to object to Exhibit 8, for lack of proper foundation. Appellee Shawn K. was unable to identify the exhibit, which was apparently from the school his step-children attended. Appellant does not explain how any of the omissions could have changed the outcome of the case.

**{¶32}** To demonstrate ineffective assistance of counsel, a defendant must satisfy both prongs of a two-prong test articulated in the case of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, the defendant must show trial counsel engaged in a substantial violation of an essential duty to his client, and secondly must show the trial counsel's ineffectiveness resulted in prejudice. *State v. Bradley,* 42 Ohio St. 3d 136, 141-142,538 N.E.2d 373 (1989), citations deleted. Prejudice is demonstrated when there is a reasonable probability that the result would have been different but for the alleged deficiencies of counsel. *Id.,* paragraph 3 of the syllabus. A court need not address both *Strictland* prongs if the defendant fails to prove either one. *State v. Ray*, Ninth District No. 22459, 2005-Ohio-4941 at ¶ 10.

**{¶33}** Appellee Children's Services asserts ineffective assistance of counsel is not an appealable issue in the case because it did not seek permanent custody of the children. Appellee argues because the matter is a legal custody matter, the appellant retains residual parental rights, and she may ask the court to modify the custody order at any time. In the alternative, appellee argues, even if it were an appealable issue, appellant cannot meet the two-prong test because appellant's counsel participated in the trial and advocated vigorously on her behalf. We agree assuming *arguendo* appellant can raise this issue, she cannot meet either prong of *Strickland*. The evidence that appellant was unable to provide for her children and that the best interest of the children lay in granting legal custody to other parties was overwhelming.

**{¶34}** The fourth assignment of error is overruled.

**{¶35}** For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, of Muskingum County, Ohio, is affirmed.


By Gwin, P.J.,

Hoffman, J., and

Wise, J., concur


_____

HON. W. SCOTT GWIN


_____

HON. WILLIAM B. HOFFMAN


_____

HON. JOHN W. WISE

WSG:clw 0524

[Cite as *In re R.K.*, 2012-Ohio-2739.]

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO

FIFTH APPELLATE DISTRICT

IN RE:   R.K.   M.N.                              :
                                                 :
                                                 :
                                                 :
                                                 :
                                                 :
                                                 :       JUDGMENT ENTRY
                                                 :
                                                 :
                                                 :
                                                 :       CASE NO. CT2012-0006


     For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, of Muskingum County, Ohio, is affirmed. Costs to appellant.


 

_____
HON. W. SCOTT GWIN


_____
HON. WILLIAM B. HOFFMAN


_____
HON. JOHN W. WISE