[Cite as *In re L.S.*, 2014-Ohio-5531.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

IN RE: L.S.

C.A. No.     27338

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     DN-12-09-0636

DECISION AND JOURNAL ENTRY

Dated: December 17, 2014

WHITMORE, Judge.

{¶1} Appellant, Tonya Meier ("Mother"), appeals from the judgment of the Summit County Court of Common Pleas, Juvenile Division, granting legal custody of her son, L.S., to the child's father ("Father"). This Court affirms.

I

{¶2} In September 2012, after Mother was arrested for a criminal offense, Summit County Children's Services ("SCCS") filed a complaint alleging L.S. was a neglected or dependent child. L.S. was adjudicated a dependent child and was placed in the temporary custody of Father. During the entire time this case was pending, L.S. remained in Father's temporary custody and Mother remained incarcerated.

{¶3} In early 2013, SCCS and Father both filed motions for Father to have legal custody of L.S. Mother opposed the motion, and the court held a hearing. Father, Mother, the guardian ad litem, and a caseworker from SCCS testified. At the end of the hearing, Mother

objected to the court granting legal custody to Father, in part, because he had not signed a statement of understanding as required by R.C. 2151.353. The court referred the parties to mediation and reconvened six months later. At that time Mother renewed her objection with respect to the missing statement of understanding. The magistrate overruled her objection and recommended that the court grant Father legal custody. Mother filed timely objections to the magistrate's decision.

{¶4} In her objections, Mother asserted, again, that Father was required to execute a statement of understanding before the court could grant him legal custody. The trial court disagreed and held that a parent is not required under R.C. 2151.353(A)(3) to sign a statement of understanding. Mother now appeals and raises one assignment of error for our review.

II

Assignment of Error

THE TRIAL COURT COMMITTED REVERSIBLE ERROR AND PLAIN ERROR IN PLACING L.S. IN THE LEGAL CUSTODY OF FATHER WITHOUT A SIGNED STATEMENT OF UNDERSTANDING AS REQUIRED BY R.C. 2151.353(A)(3) AND WITHOUT ANY TESTIMONY REGARDING HIS UNDERSTANDING OF THE OBLIGATIONS OF LEGAL CUSTODY.

{¶5} In her sole assignment of error, Mother argues that the court erred in granting legal custody to Father because he did not sign a statement of understanding. Additionally, Mother argues, this deficiency was not cured by any testimony at the hearing because Father did not testify that he understood his obligations as a legal custodian.

{¶6} R.C. 2151.353(A)(3) provides that if a child is adjudicated abused, neglected, or dependent, the court may:

Award legal custody of the child to either parent or to any other person who, prior to the dispositional hearing, files a motion requesting legal custody of the child or is identified as a proposed legal custodian in a complaint or motion filed prior to the dispositional hearing by any party to the proceedings. A person identified in a

complaint or motion filed by a party to the proceedings as a proposed legal custodian shall be awarded legal custody of the child only if the person identified signs a statement of understanding for legal custody * * *.

**{¶7}** Mother argues that a parent is required to sign a statement of understanding prior to a court awarding legal custody to that parent. In support of her argument, Mother cites to *In re N.C.*, 8th Dist. Cuyahoga No. 97155, 2012-Ohio-1641.

**{¶8}** However, *In re N.C.*, 2012-Ohio-1641, was vacated upon reconsideration by *In re N.C.*, 8th Dist. Cuyahoga No. 97155, 2012-Ohio-2625. In the reconsidered opinion, the Eighth District reversed the trial court's granting of legal custody to the child's father because a reasonable effort was not made to reunify the child with her mother and the investigation into possible reunification was incomplete. *In re N.C.*, 2012-Ohio-2625, at ¶ 24-28. The decision does not hold that a parent must sign a statement of understanding. *See In re N.C.*, 2012-Ohio-2625, *compare In re N.C.*, 2012-Ohio-1641, at ¶ 24. The reconsidered opinion does not discuss the statement of understanding at all. Thus, *In re N.C.* does not support Mother's position.

**{¶9}** Next, Mother argues that the plain language of the statute requires a person execute a statement of understanding before he or she may be awarded legal custody, even if the person seeking legal custody is a parent of the child. We disagree.

**{¶10}** "[W]hen construing a statute, we first must look to the plain language of its provisions." (Alterations sic.) *Gehlmann v. Gehlmann*, 9th Dist. Medina No. 13CA0015-M, 2014-Ohio-4990, ¶ 8, quoting *Morgan v. Community Health Partners*, 9th Dist. Lorain No. 12CA010242, 2013-Ohio-2259, ¶ 33. "We consider the statutory language in context, construing words and phrases in accordance with rules of grammar and common usage." *State Farm Mut. Auto Ins. Co. v. Grace*, 123 Ohio St.3d 471, 2009-Ohio-5934, ¶ 25. When a statute is

clear and unambiguous, courts must apply the statute as written. *See Boley v. Goodyear Tire & Rubber Co.*, 125 Ohio St.3d 510, 2010-Ohio-2550, ¶ 20.

{¶11} In R.C. 2151.353(A)(3) the legislature differentiated between a parent and "any other person" who may be awarded legal custody. *Id.* (The court may "[a]ward legal custody of the child to either parent or to any other person who * * * files a motion requesting legal custody * * * or is identified as a proposed legal custodian * * * by any party to the proceedings."). With this distinction being made in the first sentence, the legislature chose not to include the term "parent" in the second sentence, which details who must sign a statement of understanding. Instead, the statute limits that requirement to only "person[s] identified in a complaint or a motion filed by a party to the proceedings as a proposed legal custodian." R.C. 2151.353(A)(3). "We read the statute as providing for a grant of legal custody to either parent, or, in the alternative, to any other person who files a motion for legal custody and a statement of understanding." *In re R.K.*, 5th Dist. Muskingum No. CT2012-0006, 2012-Ohio-2739, ¶ 23.

{¶12} Reading the two sentences of R.C. 2151.353(A)(3) together in context, and using the plain language in the statute, we conclude that a parent is not required to sign a statement of understanding before being awarded legal custody of his or her child.[1] Mother's assignment of error is overruled.

### III

{¶13} Mother's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas, Juvenile Division, is affirmed.

---

[1] Although the statute does not require a parent to sign a statement of understanding, certainly the court could choose to have one executed in all cases. This simple extra step would eliminate any concern about whether the legal custodian understood his or her obligations or the residual rights of the child's other parent.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

HENSAL, P. J.
CARR, J.
CONCUR.

APPEARANCES:

SHUBHRA N. AGARWAL, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.

LARRY DELINO, Attorney at Law, for Appellee.

LINDA BENNETT, Guardian ad litem.