[Cite as *State ex rel. Verhovec v. Dennison*, 2014-Ohio-4847.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, EX REL. | : | JUDGES: |
| JAMES VERHOVEC | : | Hon. William B. Hoffman, P.J. |
| | : | Hon. Sheila G. Farmer, J. |
| Plaintiff-Appellant | : | Hon. Patricia A. Delaney, J. |
| | : | |
| -vs- | : | |
| | : | Case No. 2013 AP 12 0062 |
| THE VILLAGE OF DENNISON, ET AL. | : | |
| | : | |
| Defendants-Appellees | : | O P I N I O N |

CHARACTER OF PROCEEDING: Appeal from the Court of Common
Pleas, Case No. 2011-CV-06-0708

JUDGMENT: Affirmed

DATE OF JUDGMENT: October 30, 2014

APPEARANCES:

For Plaintiff-Appellant                           For Defendants-Appellees

WILLIAM E. WALKER, JR.                      GREGORY A. BECK
P.O. Box 192                                         400 South Main Street
Massillon, OH 44648-0192                     North Canton, OH 44720

*Farmer, J.*

{¶1}   On September 27, 2010, appellant, James Verhovec, made a written request to the Clerk of Council for the village of Dennison to access specific council records, to wit: "[c]ouncil meeting minutes, handwritten draft minutes and audio/video recordings captured during council proceedings from January 01, 1990 to the present date."  Appellant was granted access to typewritten minutes.

{¶2}   On June 29, 2011, appellant filed a writ of mandamus and alternatively for statutory forfeiture pursuant to R.C. 149.43(C) and 149.351 against appellees, the village of Dennison, Mayor Teri Edwards, and Clerk of Council Shannon Fawcett, seeking access to all of the records he had requested.  In the alternative, appellant sought statutory damages, court costs, and attorney fees.

{¶3}   On January 15, 2013, the trial court bifurcated the mandamus action from the forfeiture action at appellant's request.

{¶4}   A hearing on the mandamus action was held on January 18, 2013.  By judgment entry filed August 13, 2013, the trial court found the mandamus action to be moot, finding appellant was granted access to the typewritten minutes, audio/video recordings were nonexistent, and appellees had provided all of the requested handwritten draft meeting minutes still in existence.

{¶5}   On October 7, 2013, the parties filed cross-motions for summary judgment.  By judgment entry filed November 20, 2013, the trial court granted appellees' motion and denied appellant's, finding appellant was not "aggrieved" by appellees' inability to provide the requested handwritten draft meeting minutes.

{¶6}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶7}   "THE TRIAL COURT ERRED TO APPELLANT'S PREJUDICE WHEN IT FOUND THAT APPELLANT WAS NOT AGGRIEVED AND THEREFORE AND (SIC) NO RIGHT OF PETITION TO REDRESS HIS GRIEVANCE OF BEING DENIED ACCESS TO UNLAWFULLY DESTROYED GOVERNMENT RECORDS EVEN THOUGH APPELLANT ACTUALLY WANTED THE REQUESTED RECORDS, IN VIOLATION OF THE DUE PROCESS GUARANTEES, AND THE FIRST AMENDMENT RIGHT OF PETITION."

II

{¶8}   "THE TRIAL COURT ERRED TO APPELLANT'S PREJUDICE WHEN IT ADMITTED FORMER TESTIMONY OVER APPELLANT'S HEARSAY OBJECTION AND THEN USED THAT TESTIMONY TO SUPPORT AN ORDER GRANTING APPELLES' MOTION FOR SUMMARY JUDGMENT, IN VIOLATION OF CIV.R. 32 AND EVID.R. 804."

III

{¶9}   "THE TRIAL COURT ERRED TO APPELLANT'S PREJUDICE WHEN IT GRANTED APPELLEES' MOTION FOR SUMMARY JUDGMENT EVEN THOUGH APPELLEES FAILED TO MEET THEIR INITIAL BURDEN UNDER CIV.R. 56, THE BURDEN OF PRODUCTION THEREFORE NEVER SHIFTED TO APPELLANT TO DEMONSTRATE THE EXISTENCE OF A DISPUTED MATERIAL FACT, BECAUSE THERE WAS NO EVIDENTIARY MATERIAL DEMONSTRATING THAT APPELLANT

DID NOT ACTUALLY WANT THE REQUESTED RECORDS; IN VIOLATION OF CIV.R. 56."

IV

{¶10} "THE TRIAL COURT ERRED TO APPELLANT'S PREJUDICE WHEN IT DENIED APPELLANT'S MOTION FOR SUMMARY JUDGMENT AFTER APPELLANT DEMONSTRATED THAT THERE WERE NO GENUINE ISSUES OF MATERIAL FACT CONCERNING APPELLEES' UNLAWFUL DESTRUCTION OF PUBLIC RECORDS; IN VIOLATION OF CIV.R. 56."

I, III, IV

{¶11} Appellant claims the trial court erred in granting summary judgment to appellees and in denying his motion for summary judgment on the forfeiture action pursuant to R.C. 149.351.  We disagree.

{¶12} Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56.  Said rule was reaffirmed by the Supreme Court of Ohio in *State ex rel. Zimmerman v. Tompkins,* 75 Ohio St.3d 447, 448, 1996-Ohio-211:

> Civ.R. 56(C)   provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is

made. *State ex. rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274.

{¶13} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. *Smiddy v. The Wedding Party, Inc.,* 30 Ohio St.3d 35 (1987).

{¶14} As stated by our brethren from the Ninth District in *Austin v. Peterson,* 9th Dist. Medina No. 2735-M, 1999 WL 11235, at *2 (Jan. 13, 1999):

The party that moves for summary judgment bears the initial burden of identifying evidence that demonstrates that there is no genuine issue of material fact regarding an essential element of the nonmoving party's claim. *Vahila v. Hall* (1997), 77 Ohio St.3d 421, 429, 674 N.E.2d 1164, citing *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264. Once the moving party has satisfied its burden, the nonmoving party bears a reciprocal burden to set forth facts demonstrating that there is a genuine issue for trial. *Vahila v. Hall,* 77 Ohio St.3d at 429, 674 N.E.2d 1164, citing *Dresher v. Burt,* 75 Ohio St.3d at 293, 662 N.E.2d 264. When the nonmoving party fails to meet this burden, summary judgment may be appropriately granted in favor of the moving party. *Dresher v. Burt,* 75 Ohio St.3d at 293, 662 N.E.2d 264.

{¶15} Both appellant and appellees in their respective motion for summary judgment cited R.C. 149.351 (disposal and transfer of records in accordance with law; action for injunctive relief for forfeiture) which states the following in pertinent part:

(A) All records are the property of the public office concerned and shall not be removed, destroyed, mutilated, transferred, or otherwise damaged or disposed of, in whole or in part, except as provided by law or under the rules adopted by the records commissions provided for under sections 149.38 to 149.42 of the Revised Code or under the records programs established by the boards of trustees of state-supported institutions of higher education under section 149.33 of the Revised Code. Those records shall be delivered by outgoing officials and employees to their successors and shall not be otherwise removed, destroyed, mutilated, or transferred unlawfully.

(B) Any person who is aggrieved by the removal, destruction, mutilation, or transfer of, or by other damage to or disposition of a record in violation of division (A) of this section, or by threat of such removal, destruction, mutilation, transfer, or other damage to or disposition of such a record, may commence either or both of the following in the court of common pleas of the county in which division (A) of this section allegedly was violated or is threatened to be violated:

(1) A civil action for injunctive relief to compel compliance with division (A) of this section, and to obtain an award of the reasonable attorney's fees incurred by the person in the civil action;

(2) A civil action to recover a forfeiture in the amount of one thousand dollars for each violation, but not to exceed a cumulative total of ten thousand dollars, regardless of the number of violations, and to obtain an award of the reasonable attorney's fees incurred by the person in the civil action not to exceed the forfeiture amount recovered.

(C)(1) A person is not aggrieved by a violation of division (A) of this section if clear and convincing evidence shows that the request for a record was contrived as a pretext to create potential liability under this section. The commencement of a civil action under division (B) of this section waives any right under this chapter to decline to divulge the purpose for requesting the record, but only to the extent needed to evaluate whether the request was contrived as a pretext to create potential liability under this section.

{¶16} In *Rhodes v. New Philadelphia,* 129 Ohio St.3d 304, 2011-Ohio-3279, ¶ 18, 23-24, 28, respectively, the Supreme Court of Ohio reviewed a decision from this court and explained the following:

"Aggrieved" is commonly defined as "having legal rights that are adversely affected; having been harmed by an infringement of legal

rights."   Black's Law Dictionary (9th Ed.2009) 77.   Thus, in order for Rhodes to be aggrieved, the improper conduct of New Philadelphia must have infringed upon Rhodes's legal rights.  We must therefore look to the nature of the rights conferred and protected by the Public Records Act.

The same choice is not reflected in R.C. 149.351, as the General Assembly did not make the enforcement mechanism of forfeiture available to "any person."  Forfeiture is available only to a person who has been "aggrieved" by the public office's violation.  R.C. 149.351(B).  We must give effect to every term in a statute and avoid a construction that would render any provision meaningless, inoperative, or superfluous.  *Boley v. Goodyear Tire & Rubber Co.*, 125 Ohio St.3d 510, 2010-Ohio-2550, 929 N.E.2d 448, at ¶ 21.  We cannot ignore the General Assembly's use of the term "aggrieved," and we conclude that the General Assembly did not intend to impose a forfeiture when it can be proved that the requester's legal rights were not infringed, because the requester's only intent was to prove the nonexistence of the records.

The requirement of aggrievement indicates that a forfeiture is not available to "any person" who has made a request and discovered that the records were not available due to the public office's violation of R.C. 149.351; it is available only to a person who had made a request with the goal of accessing the public records.  If the goal is to seek a forfeiture, then the requester is not aggrieved.  The presumption, however, is that a request for public records is made in order to access the records.  This

presumption is evident in other cases in which this court has construed associated terms of the public-records act. See, e.g., *Kish v. Akron,* 109 Ohio St.3d 162, 2006-Ohio-1244, 846 N.E.2d 811; *State ex rel. Morgan v. New Lexington,* 112 Ohio St.3d 33, 2006-Ohio-6365, 857 N.E.2d 1208.

The destruction of a public record in violation of R.C. 149.351(A) gives rise to a forfeiture if the requester was "aggrieved" by the destruction. If a public office is able to establish that the requester did not actually want the records and instead wanted the request to be denied, then a finder of fact may conclude that the requester was not aggrieved by the destruction. New Philadelphia was able to establish through competent credible evidence that Rhodes's objective was not to obtain the records he requested but to receive notice that the records had been destroyed in violation of R.C. 149.351(A) so that he could seek forfeiture awards. Because Rhodes was not aggrieved by New Philadelphia's improper destruction of the recordings on its reel-to-reel tapes, we reverse the judgment of the Fifth District Court of Appeals.

{¶17} In the case sub judice, it is undisputed that appellant's sole reason for requesting the records was on behalf of his uncle, Ed Verhovec. J. Verhovec depo. at 22, 29-30, 42, 51. Appellant did not have any idea of the time period of records that he had requested or the specific records he had requested, and did not know why the records had been requested. *Id.* at 22-23, 50. Appellant was not a resident of

Dennison, and had no economic connections to Dennison. *Id.* at 8-10. Appellant's uncle also was not a resident of Dennison. *Id.* at 19-20, 23.

{¶18} Appellant did not draft the September 27, 2010 letter requesting the records as he merely signed it, was not sure if appellees complied with his request, and never sought to view the records provided. *Id.* at 39-42, 47-49. At his uncle's request, appellant signed other letters to Dennison village officials and received responses from which he never took any action. *Id.* at 25, 28-29, 34, 36-38.

{¶19} At best, appellant's testimony established he blindly lent his name to public records requests with no knowledge of the law, the reasons behind the requests, and the extent of the responses. Appellant was a "shill" for his uncle.

{¶20} Appellant argues despite his lack of knowledge or understanding regarding the records request, the request was not done for the purpose of seeing if the records existed. This argument is baseless given the fact that in his own testimony, appellant acknowledged he did not review the records when invited to do so (per his request), but instead forwarded the responses to his uncle.

{¶21} Even accepting that appellant was an agent for his uncle, there is no evidence that appellant was "aggrieved" by the failure to review all of the handwritten draft meeting minutes and audio/video recordings that did not exist.

{¶22} The trial court saw the "forest for the trees" and grasped that appellant's records request was not a legitimate request, but merely part of a scheme to find destroyed or missing public records that could result in pecuniary gain. As recently found in *State ex rel. Verhovec v. City of Marietta,* 4th Dist. Washington No. 12CA32, 2013-Ohio-5415, ¶ 60:

Like *Rhodes,* all of the evidence in the instant case indicates an intent to cash-in on the civil forfeiture statute. For instance, the only explanation offered by the Verhovecs for requesting the records is Mr. [Ed] Verhovec's contracts with attorney Cushion. Yet, Mr. Verhovec testified that he has never been paid under any of the Cushion contracts, and that he was unsure of what exactly needed to be produced in order to collect payment under the contracts. Moreover, Mr. Verhovec has filed numerous other lawsuits throughout the state seeking forfeiture damages. Absent the Cushion contracts, no logical explanation for these lawsuits exists. The Verhovecs' are not historians. They have never resided in the city of Marietta. In fact, Mr. Verhovec had never even heard of the Public Records Act prior to entering his contract with Cushion. Mr. Verhovec is also behind the lawsuits filed by his nephew, James Verhovec, against the village of Dennison and the City of Uhrichsville. Those lawsuits also seek significant forfeiture damages. We also cannot ignore the connections between Walker, the Verhovecs' counsel, and attorney Cushion, the contracting agent of the Cushion contracts. Attorney Walker represented attorney Cushion in his very own civil forfeiture lawsuit. Attorney Walker also represented Timothy Rhodes in the Chillicothe lawsuit, in which Rhodes allegedly sought the records to fulfill his contract with Cushion. Finally, Walker represented James Verhovec in his lawsuits against Uhrichsville and Dennison.

{¶23} Upon review, we find the trial court did not err in granting summary judgment to appellees and in denying appellant's motion for summary judgment.

{¶24} Assignments of Error I, III, and IV are denied.

II

{¶25} Appellant claims the trial court erred in considering hearsay materials. We disagree.

{¶26} The admission or exclusion of evidence lies in the trial court's sound discretion. *State v. Sage,* 31 Ohio St.3d 173 (1987). In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217 (1983).

{¶27} Appellant argues the trial court erred in considering his uncle's deposition taken in a similar case in another county. Appellant argues the consideration of the deposition did not comply with Civ.R. 32(A) and Evid.R. 804(B)(1).

{¶28} While the trial court noted in its judgment entry filed November 20, 2013 that appellees did not file a complete certified copy of the deposition of Ed Verhovec and therefore the deposition was "not proper summary judgment evidence," it found "Relator [appellant] has not objected to this evidence, and therefore, it can be considered in support of Respondents' motion." This finding is correct. In a motion to strike improper evidence filed November 19, 2013, appellant specifically objected to excerpts from Ed Verhovec's deposition because the deposition was not included in the trial court's record. However, the motion to strike was filed more than forty-two days

after appellees' motion for summary judgment was filed and twenty-two days after appellant's response to appellees' motion.

{¶29} Civ.R.56 sets forth that all motions shall be served at least fourteen days before the time any summary judgment motions are set for hearing.

{¶30} Pursuant to Loc.R. 4(H) of the Court of Common Pleas of Tuscarawas County, General Trial Division, oral arguments "will not be held unless written request is made." Loc.R. 4(J) sets automatic oral hearings or non-oral consideration on summary judgment motions for the third Monday following the date of filing. Using the filing date of the cross-motions for summary judgment of October 7, 2013, the third Monday after was October 28, 2013. See, Schedule for Non-Oral Considerations, attached to Appellees' Brief as Exhibit 2.

{¶31} Based upon this local rule, we concur with the trial court's analysis that the objections and motion to strike were untimely made. Further, the trial court's November 20, 2013 judgment entry specifically states it renders a decision separate and apart from Ed Verhovec's deposition:

> Even if the Court did not consider the deposition of Edward Verhovec, the Court **FINDS** that no genuine issue of material fact remains because the deposition of James Verhovec makes it clear that James Verhovec did not actually want the requested records, and he was not "aggrieved" by the Village of Dennison's inability to provide the draft minutes.

{¶32}  In the assignments above, this court sustained the trial court's findings and decision without referring to the deposition testimony of Ed Verhovec.

{¶33}  Upon review, we find no abuse of discretion by the trial court in reviewing the complained of deposition.

{¶34}  Assignment of Error II is denied.

{¶35}  The judgment of the Court of Common Pleas of Tuscarawas County, Ohio is hereby affirmed.

By Farmer, J.

Delaney, J. concur,  and

Hoffman, P.J. concurs separately

SGF/sg 926

*Hoffman, P.J., concurring*

{¶36} I concur in the majority's analysis and disposition of Appellant's first, third and fourth assignment of errors.

{¶37} I further concur with the majority's general analysis and disposition of Appellant's second assignment of error. My only disagreement concerns the majority's application of the abuse of discretion standard in addressing Appellant's claim of violation of Evid.R. 804(B)(1). I do so for the reasons set forth in my concurring opinion in *State v. Baughman,* 5th Dist. Fairfield No. 13-CA-49, 2014-Ohio-1829.